Dear Chief Menard:
Your request for an Attorney General's opinion has been referred to me for research and reply. The salient facts involve the Mayor of Youngsville's appointment of an advisory committee to provide "guidance" to the mayor, the town council and the chief of police on matters pertaining to the Police Department. You are an elected police chief in a Lawrason Act municipality. This advisory committee, which has been named "Police Committee," consists of two council members and three citizens at large. The council, which is composed of five members, did not pass an ordinance to establish this advisory committee. The mayor used the inherent power of his office to create this ad hoc group. The facts, as presented, raise the following legal issues:
 (1) Does a mayor in a Lawrason Act municipality have the power to appoint an advisory committee?
 (2) If so, would this panel be empowered to take action on its own or only to advise the mayor? and
 (3) Would this advisory committee be subject to the Open Meetings and Public Records Law?
As stated above, Youngsville is a municipality subject to the Lawrason Act with an elected chief of police. Under La. R.S. 33:404 (A) (9), state law authorizes a mayor "to have any other power or perform any other duty as may be necessary or proper for the administration of municipal affairs not denied by law." The breadth of this language permits a mayor to establish the type of advisory committee described by you in your letter. However, the same statute, under La. R.S. 33:404 (B) limits or restricts the authority of a mayor to affect the "powers, duties or functions of any elected chief of police. . . . "
The chief of police is a municipality's chief law enforcement officer who has the inherent power and authority to supervise and direct the administration and day-to-day operation of the police department. The governing authority (or any of its arms) cannot infringe upon this inherent power and authority no matter what form the interference might take. See, for example, La. Atty. Gen. Op. No. 05-0058 (ordinance cannot mandate police to perform all lawful requests of mayor and board of alderman). Similarly, an ad hoc mayoral advisory committee cannot require a police chief to alter the operation of a police department. Such gross meddling would constitute an assault on a police chiefs inherent power and authority to manage such department's daily operation.
Support for the foregoing proposition is contained in La. R.S. 33:423
(A) which provides that "[t]he marshal shall be the chief of police and shall be ex-officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. . . . "
These statutes — La. R.S. 33:404 (A) (9), 33:404 (B) and 33:423 (A) — do not conflict with each other. A mayor may appoint individuals of his choice to conduct a fact-finding mission and to render a report on the outcome of their investigation. However, the advisory group can only report their findings to the mayor and nothing more. They can take no independent action on their own. The advisability of pursuing such course of action is within the sole discretion of the mayor. See La. Atty. Gen. Op. 98-51. Of course, you, in your capacity as an elected chief of police, would not be bound by the findings of such advisory committee in any way, although the committee's report may contain useful and relevant information pertaining to your office.
The final issue which your request implicates concerns whether committees appointed by a mayor are "public bodies," and as such, are required to comply with the Open Meetings and Public Records Law.
The constitutional basis for the Open Meetings and the Public Records Law is set forth in Article XII, Section 3 of the Louisiana Constitution of 1974:
§ 3. Right to Direct Participation
 Section 3. No person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law.
The Open Meetings Law, La. R.S. 42:4.1, et seq., requires meetings of public bodies to be open to the public. La. R.S. 42:5 pertinently states that "every meeting of any public body shall be open to the public unless closed pursuant to La. R.S. 42:6, R.S. 42:6:1 or La. R.S. 42:6.2.
A "public body" for purposes of the Open Meetings Law is defined in La. R.S. 42:4.2 as follows:
A. For the purposes of R.S. 42:1 through R.S. 42:12:
 (2) "Public body" means village, town, and city governing authorities; parish governing authorities; school boards and boards of levee and port commissioners; boards of publicly operated utilities; planning, zoning, and airport commissions; and any other state, parish, municipal, or special district boards, commissions, or authorities, and those of any political subdivision thereof, where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies enumerated in this paragraph.
The meaning of "public body," for the purposes of the Open Meetings Law, includes municipal authorities with advisory functions. Youngsville's Mayor's Police Committee clearly falls within this definition. Because the Police Committee is a "public body," all meetings are public meetings subject to the open meetings and voting requirements of La. R.S. 42:5, the written notice requirements of La. R.S. 42:7, and the written minutes requirements of La. R.S. 42:7.1.
"Public body" is similarly defined in the Public Records Law, La. R.S.44:1(A)(1) as follows:
§ 1. General Definitions
 A. (1)As used in this Chapter, the phrase "public body" means any branch, department, office, agency, board, commission, district, governing authority, political subdivision, or any committee, subcommittee, advisory board, or task force thereof, or any other instrumentality of state, parish, or municipal government, including a public or quasi-public nonprofit corporation designated as an entity to perform a governmental or proprietary function.
The Police Committee qualifies as a public body under the definition set forth in the Public Records Law as well because it is a municipal government committee designated to perform a governmental (advisory) function.
In summary, a mayoral advisory committee's power is limited in scope. It certainly cannot usurp any power, delegated by the legislature, from a popularly-elected chief of police. As a general rule, a police chief may run his office free from the dictates of any mayoral committee, advisory board, commission or the like. An elected chief of police must, of course, act at all times within the boundaries of the law.
The Police Committee can make no decision, nor take any action, that would affect a police department. Even though the Police Committee primarily serves as a fact-finding, advisory body, it must still comply with both the Open Meetings and Public Records Law.
I hope this adequately addresses your request, but if you need further information, or if I may be of assistance to you in any other way, please do not hesitate to contact me.
 Sincerely,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 Christopher D. Matchett Assistant Attorney General
CCF, Jr.:CDM:lrs